# ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

GLADYS ROSARIO,

                              Plaintiff,

          -against-

JOHN E. POTTER, POSTMASTER GENERAL,
UNITED STATES POSTAL SERVICES and
PAUL HOGROGIAN, LOCAL 300 PRESIDENT,

                              Defendants.
--------------------------------------------------------X

**USDC SDNY**
**DOCUMENT**
**ELECTRONICALLY FILED**
**DOC #:** _____
**DATE FILED:** _____

**REPORT AND**
**RECOMMENDATION**

07 Civ. 5891 (SCR) (GAY)

TO THE HONORABLE STEPHEN C. ROBINSON, United States District Judge:

On or about April 22, 2008, plaintiff Gladys Rosario commenced this *pro se*
action pursuant to Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000e *et seq.*),
New York State law and New York City law against defendants John E. Potter, as
Postmaster General of the United States Postal Service ("USPS" or "Employer") and
Paul Hogrogian, as president of the National Postal Mail Handlers Union, Local 300
("Local 300" or "union").  The gravamen of plaintiff's complaint is that the USPS
improperly terminated her employment, that the Union breached its duty to fairly
represent her concerning her discharge, and that defendants' actions were motivated
by retaliation and unlawful discrimination based upon plaintiff's national origin and/or
gender.  Presently before this Court are (1) the Employer's motion to dismiss pursuant
to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP") or, alternatively, for
summary judgment pursuant to FRCP 56. and (2) the Union's motion to dismiss
pursuant to FRCP 12(b)(6).  For the reasons that follow, the Court respectfully
recommends that defendants' motions should be granted.

copies mailed 6/8/09
Chambers of Judge Yanthis

LD

## I. USPS' MOTION TO DISMISS OR, ALTERNATIVELY, FOR SUMMARY JUDGMENT

Defendant Potter moves to dismiss plaintiff's complaint or, alternatively, for summary judgment on the ground that plaintiff has failed to exhaust administrative remedies.  Specifically, the USPS contends that plaintiff's claims are time-barred because she failed to contact an EEO counselor within the time limit specified in governing federal regulations.

The parties have submitted materials outside the pleadings in support of, and in opposition to, defendant Potter's motion.  The threshold issue, therefore, is whether to exclude said submissions and construe defendant Potter's motion as a motion to dismiss pursuant to FRCP 12(b)(6), or whether to convert defendant Potter's motion to a summary judgment motion pursuant to FRCP 56.  See Goyette v. DCA Advertising Inc., 830 F. Supp. 737, 741 (S.D.N.Y. 1993) (citing Fonte v. Board of Managers of Cont'l Towners Condo., 838 F.2d 24, 25 (2d Cir. 1998)); see also Carter v. Stanton, 405 U.S. 669, 671 (1971).  The Court may make the conversion after "all the parties [are] given reasonable opportunity to present all materials made pertinent to such motion by [FRCP] 56.'"  See Goyette, 830 F. Supp. at 741 (quoting In re G. & A. Books, Inc., 770 F.2d 288, 295 (2d Cir. 1985)).  "A party cannot complain of lack of a reasonable opportunity to file relevant materials if both sides have already filed with the Court affidavits, depositions or other evidence admissible at trial."  Id. (internal citation omitted).

In the present case, both parties have submitted affidavits, declarations and exhibits.  Defendant Potter has filed a notice to the *pro se* plaintiff that defendant's motion to dismiss could be converted into a motion for summary judgment.  Thus, there

is no indication that plaintiff "was taken by surprise and deprived of a reasonable opportunity to meet facts outside the pleadings." See Krijn v. Pogue Simone Real Estate Co., 896 F.2d 687, 690 (2d Cir. 1990) (internal quotation and citation omitted). Accordingly, the Court converts defendant Potter's FRCP 12(b)(6) motion to dismiss into a motion for summary judgment pursuant to FRCP 56. .

A. Background

The following facts–viewed in the light most favorable to plaintiff–are gleaned from the pleadings and from the parties' submissions in conjunction with the instant motion. Any disputes of material fact are noted.

Plaintiff, a Hispanic female, began working for the USPS as a Mail Handler in March 1999. On June 27, 2005, plaintiff was informed that her employment with the USPS would be terminated effective August 27, 2005. The USPS asserts that plaintiff was fired due to her violation of a last chance agreement which addressed her ongoing attendance issues. Plaintiff alleges that her termination was motivated by discrimination and in retaliation for an earlier EEOC complaint.

Subsequent to receiving the Notice of Removal, plaintiff filed a union grievance for wrongful termination. Local 300 arbitrated the grievance on plaintiff's behalf, and argued that the USPS lacked just cause to terminate her employment. On April 13, 2006, plaintiff's union grievance was denied. Plaintiff alleges that she received a copy of the decision on or about April 21, 2006 and, in light of the outcome of her grievance, she contacted EEOC on or about May 7, 2006. Plaintiff further alleges that the EEOC sent her forms on May 18, 2006, which she received on May 25, 2006. Defendant contends, however, that plaintiff did not initiate EEO pre-complaint processing until–at

the earliest–June 21, 2006, and that she was issued a Notice of Right to File Individual

Complaint on Discrimination (PS Form 2579-A) on September 29, 2006.

Plaintiff filed a formal complaint of discrimination with the USPS EEO agency on

October 10, 2006.  The USPS dismissed plaintiff's EEO complaint on October 26,

2006.  Plaintiff timely appealed the USPS' denial of her complaint to the EEOC.  By

Decision dated February 16, 2007, the EEOC affirmed the agency's dismissal of

plaintiff's complaint on the ground that plaintiff failed to initiate EEO counselor contact

within forty-five days of the alleged discriminatory act.  This action followed..

    B.  <u>Summary Judgment Standard</u>

Summary judgment is appropriate "if the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that

there is no genuine issue as to any material fact and that the moving party is entitled to

a judgment as a matter of law." FRCP 56(c).  Specifically, the party seeking summary

judgment has the burden of demonstrating that no genuine issue respecting any

material fact exists.  <u>See</u> <u>LaFond v. General Physics Servs. Corp.</u>, 50 F.3d 165, 171 (2d

Cir. 1995).  If the moving party meets its burden, the burden shifts to the opposing party

to come forward with "specific facts showing that there is a genuine issue for trial."

FRCP 56(e).  Where a plaintiff fails to establish an essential element of her claim,

"there can be no genuine issue as to any material fact, since a complete failure of proof

concerning an essential element of the nonmoving party's case necessarily renders all

other facts immaterial." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986) (internal

quotations and citations omitted).

When deciding a summary judgment motion, the court must resolve all

ambiguities and draw all factual inferences in favor of the party opposing the motion.
See McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999).  The question is
whether, in light of the evidence, a rational jury could find in favor of the nonmoving
party.  See Gallo v. Prudential Residential Servs., Ltd. Partnership, 22 F.3d 1219, 1224
(2d Cir. 1994).  Summary judgment must be denied, therefore, if the court finds "there
are any genuine factual issues that properly can be resolved only by a finder of fact
because they may reasonably be resolved in favor of either party."  Anderson v. Liberty
Lobby, 477 U.S. 242, 250 (1986).

Caution should be exercised in addressing summary judgment motions in
discrimination cases where intent and state of mind are at issue because "careful
scrutiny of the factual allegations may reveal circumstantial evidence to support the
required inference of discrimination."  See Graham v. Long Island R.R., 230 F.3d 34, 38
(2d Cir. 2000) (citations omitted).  Nonetheless, the Second Circuit has expressly
"remind[ed the] district courts that the impression that summary judgment is unavailable
to defendants in discrimination cases is unsupportable."  See Weinstock v. Columbia
Univ., 224 F.3d 33, 41 (2d Cir. 2000) (quotation and citation omitted).  On the one hand,
mere conclusory allegations of discrimination will not defeat a summary judgment
motion; a plaintiff in a discrimination case must proffer "concrete particulars" to
substantiate his claim.  See Meiri v. Dacon, 759 F.2d 989, 998 (2d Cir. 1985).  On the
other hand, courts must be aware of the fact that "discrimination will seldom manifest
itself overtly."  Bickerstaff v. Vassar Coll., 196 F.3d 435, 448 (2d Cir. 1999).  Courts
must therefore "carefully distinguish between evidence that allows for a reasonable
inference of discrimination and evidence that gives rise to mere speculation and

conjecture." <u>Id.</u>  Thus, the ultimate question in deciding a summary judgment motion in

a discrimination case "is whether the evidence can reasonably and logically give rise to

an inference of discrimination under all of the circumstances."  <u>Id.</u>

Further, because plaintiff is proceeding *pro se*, the Court must judge her

submissions by a more lenient standard than that accorded to "formal pleadings drafted

by lawyers." <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972).  <u>See</u> <u>Burgos v. Hopkins</u>, 14

F.3d 787, 790 (2d Cir. 1994) (The Court must read a pro se party's "supporting papers

liberally, and . . . interpret them to raise the strongest arguments that they suggest.").

This liberal standard, however, "is not without limits, and all normal rules of pleading are

not absolutely suspended." <u>Stinson v. Sheriff's Dep't of Sullivan County</u>, 499 F. Supp.

259, 262 (S.D.N.Y. 1980).  In other words, plaintiff's pro se status does not relieve her

of the usual requirements of summary judgment.  <u>See</u> <u>Lee v. Coughlin</u>, 902 F. Supp.

424, 429 (S.D.N.Y. 1995) (citation omitted) (a "pro se party's 'bald assertion,'

completely unsupported by evidence, is not sufficient to overcome a motion for

summary judgment");  <u>Kadosh v. TRW, Inc.</u>, No. 91 Civ. 5080 (PKL), 1994 WL 681763,

at *5 (S.D.N.Y. Dec. 5, 1994) ("The work product of pro se litigants should be

generously and liberally construed, but [the pro se's] failure to allege either specific

facts or particular laws that have been violated renders his attempt to oppose

defendants' motion ineffectual.").

C. <u>Title VII Claims Against USPS Are Time-Barred</u>

Defendant Potter contends that plaintiff's claims are time-barred because she

failed to contact an EEO counselor within the time limit specified in governing federal

regulations.  It is well-settled that a litigant who asserts claims under Title VII must

timely exhaust all available administrative remedies prior to filing a federal lawsuit.  See

Briones v. Runyon, 101 F.3d 287, 289 (2d Cir. 1996).  Pursuant to EEOC regulations, a

federal employee who alleges discrimination must consult an EEO counselor "within 45

days of the date of the matter alleged to be discriminatory."  See 29 C.F.R. §

1614.105(a).  "The 45-day period serves as a statute of limitations; thus, as a general

rule, claims alleging conduct that occurred more than 45 days prior to the employee's

initiation of administrative review are time-barred."  Paladino v. Potter, No. 06-CV-5930,

2007 WL 4255247, at *4 (E.D.N.Y. Nov. 29, 2007).

Here, plaintiff alleges that she initiated EEO counseling on or about May 7, 2006,

over eight months after the effective date of her termination.  Thus, plaintiff clearly did

not consult with an EEO counselor within 45 days of the alleged discriminatory act.

Plaintiff argues, however, that her employment wasn't terminated until April 13, 2006

upon denial of her union grievance and, therefore, her initial EEO contact was timely.

Plaintiff mistakenly assumes that her grievance proceeding tolled the limitations period.

To the contrary, "[t]he grievance procedure, by its nature, is a remedy for a prior

decision, not an opportunity to influence that decision before it is made. . . . [T]he

pendency of a grievance, or some other method of collateral review of an employment

decision, does not toll the running of the limitations periods."  See Delaware State

College v. Ricks, 449 U.S. 250, 261 (1980).  Therefore, because plaintiff did not contact

an EEO counselor until May 7, 2006 (under her own version of the facts), her Title VII

claims against the USPS are unexhausted.

Plaintiff seeks to excuse her lateness pursuant to the EEOC regulatory exception

which authorizes an agency or the EEOC to extend the 45-day time limit:

> when the individual shows that he or she was not notified of the time limits
> and was not otherwise aware of them, that he or she did not know and
> reasonably should not have known that the discriminatory matter or
> personnel action occurred, that despite due diligence he or she was
> prevented by circumstances beyond his or her control from contacting the
> counselor within the time limits, or for other reasons considered sufficient
> by the agency or Commission.

29 C.F.R. § 1614.105(a)(2).  Plaintiff specifically asserts that the first of these exceptions applies here because she was unaware of the 45-day time limit.  Defendant responds that plaintiff had constructive knowledge of the 45-day time limit because posters referring to the timeliness requirement were posted at plaintiff's workplace. Defendant proffers the declaration of Bruce Branning, Postmaster of the White Plains Post Office from June 12, 2004, to June 9, 2006, in which Branning affirms that Poster 72 (Equal Opportunity is the Law) was posted continuously during his tenure in several locations in plaintiff's workplace: (1) by the East Station in a locked bulletin board, (2) by the employee swing room in a locked bulletin board, and (3) near the ladies locker room in the direction of the P.O. Box section.  See Declaration of Bruce Branning, attached to Potter's Reply Memorandum of Law in Further Support of Defendant's Motion to Dismiss or, alternatively, for Summary Judgment.

Defendant's proffer is slightly problematic in that it fails to set forth the contents of Poster 72 and, specifically, whether it provides notice of the 45-day time limit at issue.  However, the EEOC  decision upholding the dismissal of plaintiff's grievance (a copy of which is attached to plaintiff's Amended Complaint) noted that the record on appeal contained an affidavit from an appropriate agency official indicating there were EEO posters in plaintiff's work area notifying employees of the forty-five day time limitation for seeking EEO counseling.  There is also case law which states that Poster

-8-

72 reads : "If pursuing an EEO complaint, you must contact an EEO counselor within 45 days of the act(s) giving rise to your claim in order to preserve your rights under federal law." See Childers v. United States Postal Serv., No. 01-CV-0586E, 2003 WL 21383243, at *3 (W.D.N.Y. Apr. 15, 2003). Additionally, plaintiff does not refute defendant's contention that Poster 72 sets forth the applicable 45-day time limitation; nor does plaintiff contend that she lacked access to the areas where defendant contends the EEO posters were located. In sum, plaintiff fails to proffer evidence which would create a genuine issue of material fact as to whether she had constructive notice of the timeliness requirement. I conclude, therefore, that tolling pursuant to the regulatory exception is not warranted.

Moreover, there is no record evidence which would justify the application of equitable estoppel or equitable tolling. "The doctrine of equitable estoppel bars a defendant from raising a statue of limitations defense where the plaintiff shows that the defendant's affirmative misconduct caused the plaintiff to bring suit in a defective manner." Moultrie v. Potter, No. 04 Civ. 6887, 2006 WL 1495234, at *6 (S.D.N.Y. May 31, 2006). Equitable tolling "available only when the plaintiff's failure to meet a deadline is the result of someone else's error." See German v. Pena, 88 F. Supp.2d 216, 221 (S.D.N.Y. 2000). Plaintiff has not alleged any affirmative misconduct on the part of defendant–or anyone else–which would warrant the application of either doctrine.

Finally, plaintiff seems to argue that the statute of limitations was tolled because the denial of her unemployment benefits constituted a continuing violation. Although an ongoing discriminatory policy or practice may justify tolling of the limitations period, "[d]iscrete, individual wrongs such as non-promotion, unequal pay, job transfer and

discontinuance of a particular job assignment do not constitute acts of a continuing nature." See Padilla v. Potter, No. 03-CV-6074, 2004 WL 3090591, at *3 (E.D.N.Y. July 22, 2004).  Here, the alleged denial of plaintiff's unemployment benefits is a discrete, individual act that does not constitute a continuing violation.  Accordingly, I conclude, and respectfully recommend, that plaintiff's Title VII claims against the USPS are time-barred.

## II. LOCAL 300'S MOTION TO DISMISS

### A. Rule 12(b)(6) Standard of Review

In evaluating a motion to dismiss a complaint under FRCP 12(b)(6), this Court is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985).  In doing so, the Court "must accept as true all of the factual allegations set out in plaintiff's complaint, draw inferences from those allegations in the light most favorable to plaintiff, and construe the complaint liberally." Gregory v. Daly, 243 F.3d 687, 691 (2d Cir. 2001).  Ultimately, the Court must grant a 12(b)(6) motion to dismiss if the plaintiff fails to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

For purposes of evaluating a 12(b)(6) motion, the complaint "is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002) (quotation and citation omitted).  Further, pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pro se complaints and supporting papers must be

-10-

read "liberally" and interpreted to "raise the strongest arguments that they suggest."

See Soto v. Walker, 44 F.3d 169, 173 (2d Cir. 1995) (quotation and citation omitted).

B. Title VII Claim Against Local 300

Plaintiff asserts a Title VII claim against defendant Local 300 for breach of its

duty of fair representation ("DFR"). "Title VII provides a proper foundation for a DFR

lawsuit is two situations: (1) where a plaintiff alleges that the union has failed to assist in

the processing of a grievance grounded in an employee's underlying discrimination;

and/or (2) where the underlying grievance does not involve actionable discrimination,

but the union itself acted discriminatorily in failing to prosecute the grievance." Cooper

v. Wyeth Ayerst Lederle, 106 F. Supp.2d 479, 498 (S.D.N.Y. 2000). Here, plaintiff's

claim against the union fall under both theories: plaintiff alleges that the union failed to

argue discrimination during plaintiff's grievance proceeding, and that it acted

discriminatorily in prosecuting plaintiff's grievance.

It is well-settled that a plaintiff who asserts a Title VII claim in federal court must

first exhaust available administrative remedies by filing a timely complaint with the

EEOC or an authorized state agency. See Fernandez v. Chertoff, 471 F.3d 45, 54 (2d

Cir. 2006). More specifically, a plaintiff alleging a Title VII claim "may bring suit in

federal court only if . . . the current defendant [was] named as a defendant in the EEOC

complaint." See Kilkenny v. Greenberg Taurig, LLP, No. 05 Civ. 65478, 2006 WL

1096830, at *3 (S.D.N.Y. Apr. 26, 2006) (internal quotes and citation omitted). A limited

exception to this exhaustion requirement exists, however, "where there is a clear

identity of interest between the unnamed defendant and the party named in the

administrative charge." See Vital v. Interfaith Med. Ctr., 168 F.3d 615, 619 (2d Cir.

-11-

1999) (quotation and citation omitted). In determining whether an identity of interest exists, courts must consider four factors: "(1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; (2) whether, under the circumstances, the interests of a named [party] are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; (3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interest of the unnamed party; (4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party." See id. (internal quotes omitted).

Here, plaintiff did not name Local 300 in the charge she filed with the EEOC. Further, her failure to name the union is not excusable under the "identity of interest" exception because, following *Vital,* "courts have consistently held that unions and employers lack the 'clear identity of interest' required to waive" the Title VII filing requirement. See Spruill v. New York City Health & Hosp., No. 06 Civ. 11362, 2007 WL 2456960, at *3 (S.D.N.Y. Aug. 23, 2007) (citing cases). To be sure, none of the *Vital* factors support a finding here of identity of interest between Local 300 and the USPS. Plaintiff's DFR claim against the union is, therefore, unexhausted. In any event, for the reasons stated above, plaintiff's Title VII claims are time-barred. Accordingly, I conclude, and respectfully recommend, that plaintiff's Title VII DFR claim against Local 300 must be dismissed.

## III. REMAINING CLAIMS

Plaintiff's remaining claims arise under New York State and New York City law. "In general, where the federal claims are dismissed before trial, the state claims should be dismissed as well." Marcus v. AT&T Corp., 138 F.3d 46, 57 (2d Cir. 1998) (citations omitted). Accordingly, given that plaintiff's federal claims should be dismissed, and with due consideration to concerns of judicial economy, efficiency, convenience and fairness, I respectfully recommend that this Court decline to exercise supplemental jurisdiction over plaintiff's remaining claims.

## IV. CONCLUSION

For the foregoing reasons, I conclude, and respectfully recommend, that:  (1) defendant Potter's motion for summary judgment should be granted;  (2) defendant Local 300's motion to dismiss should be granted; and (3) the complaint should be dismissed.

## V. NOTICE

Pursuant to 28 U.S.C. § 636(b)(1)(B), as amended, and Rule 72(b), Fed. R. Civ. P., the parties shall have ten (10) days from receipt of this Report  to serve and file written objections to this Report and Recommendation.  If copies of this Report are served upon the parties by mail, the parties shall have thirteen (13) days from receipt of this Report to file and serve written objections. See Fed. R. Civ. P. 6(d).  Such objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to

the chambers of The Honorable Stephen C. Robinson at the United States District

Court, Southern District of New York, 300 Quarropas Street, White Plains, New York,

10601, and to the chambers of the undersigned at said Courthouse.

Failure to file timely objections to this Report and Recommendation will preclude

later appellate review of any order of judgment that will be entered.  See Caidor v.

Onondaga County, 517 F.3d 601, 604 (2d Cir. 2008).


Requests for extensions of time to file objections must be made to the Honorable

Stephen C. Robinson and not to the undersigned.


Dated:  June 8      , 2009                Respectfully Submitted:
        White Plains, New York


_____
GEORGE A. YANTHIS, U.S.M.J.