UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GLADYS ROSARIO,

    Plaintiff,

v.

JOHN E. POTTER (Postmaster General of the United States Postal Service Agency), and PAUL HOGROGIAN (Local 300 President),

    Defendants.

07 Civ. 5891 (SCR)(GAY)

MEMORANDUM ORDER ADOPTING REPORT AND RECOMMENDATION

---

**STEPHEN C. ROBINSON, United States District Judge:**

In this lawsuit, *pro se* plaintiff Gladys Rosario alleges that her former employer, John E. Potter, the Postmaster General of the United States Postal Service Agency, fired her for discriminatory and retaliatory purposes in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* Additionally, Rosario alleges that Paul Hogrogian, as president of the National Postal Mail Handlers Union, Local 300, failed to adequately pursue Rosario's grievance in violation of Title VII. Potter and Hogrogian moved to dismiss the action in February and May of 2008, respectively.[1] This case was referred to Magistrate Judge George Yanthis to issue a Report and Recommendation on the motions to dismiss.

Magistrate Judge Yanthis issued the Report and Recommendation on June 8, 2009 (docket entry 35), advising this Court to grant summary judgment in favor of Potter and to grant Hogrogian's motion to dismiss. Judge Yanthis also recommended that this Court

---

[1] Defendant Potter's motion was styled, in the alternative, as a motion for summary judgment. Judge Yanthis found the conditions for conversion satisfied (*see* R&R, pp. 2-3); consequently, the Court considers Potter's motion under the applicable standard for summary judgment.

-1-

USDC SDN 
DOCUMEN 
ELECTRO 
DOC #: 
DATE FI 

dismiss the remaining state law claims in the interest of judicial economy, efficiency, and convenience. As Judge Yanthis explicitly noted at the end of the Report and Recommendation, under 28 U.S.C. § 636(b)(1) and Rules 72(b) and 6(d) of the Federal Rules of Civil Procedure, the parties had a right to file written objections to the Report and Recommendation within thirteen working days from June 8, 2009. Rosario filed purported objections to the Report and Recommendation on July 21, 2009, which this Court has accepted as timely.

## I. STANDARD OF REVIEW

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C § 636(b)(1). To accept a Report and Recommendation to which no timely, actionable objection has been made, a district court need only satisfy itself that "there is no clear error on the face of the record." *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (citations omitted); *accord Edwards v. Fischer*, 414 F. Supp. 2d 342, 346-47 (S.D.N.Y. 2006); *see also Pizarro v. Bartlett*, 776 F. Supp. 815, 817 (S.D.N.Y. 1991) (court may accept report if it is "not facially erroneous"). When specific objections are made, "the district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). "Objections to a Report and Recommendation 'are to be specific and are to address only those portions of the proposed findings to which the party objects.'" *Id.* (citing *Camardo v. General Motors Hourly-Rate Employees Pension Plan*, 806 F. Supp. 380, 381-82 (W.D.N.Y. 1992)). However, when a party makes conclusory or general objections, or simply reiterates his

original arguments, the Court reviews the Report and Recommendation only for clear error. *Renelique v. Doe*, No. 99 Civ. 10425, 2003 WL 23023771, at *1 (S.D.N.Y. Dec. 29, 2003) (collecting cases).

## II. DISCUSSION

### a. Objections to the Report and Recommendation

Judge Yanthis found that Rosario's Title VII claim against Potter was barred because Rosario did not consult with an EEO counselor "within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." *See* 29 C.F.R. § 1614.105(a). Taking the facts in the light most favorable to Rosario, she first contacted the EEO counselor on May 7, 2006, which was more than eight months after her termination on August 27, 2005. As the case law in the Report and Recommendation explains, "the pendency of a grievance, or some other method of collateral review of an employment decision, does not toll the running of the limitations periods." *Delaware State Coll. v. Ricks*, 449 U.S. 250, 261 (1980).

Rosario's only objection relevant to the Title VII claim against Potter relates to the presence of EEOC notices at Rosario's workplace. Specifically, Rosario claims:

> I asked the Judge the opportunity to visit the post office to check if there was a posting announcing the EEOC time limit for the filing of a complaint. By the time I was working there. There was not such posting. My request was denied. That was the only way to prove the post was not there. The Court did not give me the fair chance to prove my case. If they do not want me there for safety reason, they should assign a person to check is there was a post. Somebody can shoot a picture to prove it.

Objections, p. 2, ¶ 3. Rosario's objection that she was not permitted to photograph her workplace environment—in order to show that no EEOC postings were present, therefore negating Rosario's actual or constructive notice of EEOC procedures—does not create a

–3–

genuine issue of material fact precluding summary judgment. Rosario's request for permission was allegedly rejected by Judge Yanthis, and Rosario did not appeal that discovery ruling to this Court. Consequently, this Court reviews the summary judgment disposition in the Report and Recommendation for clear error only.

Rosario's objections similarly fail to address the basis for which Judge Yanthis granted Hogrogian's motion to dismiss. Judge Yanthis found that Hogrogian and Union Local 300 had not been named in any EEOC complaint filed by Rosario. Moreover, Hogrogian and Union Local 300 could not be said to share an identity of interest with the defendant actually named in the EEOC complaint—the United States Postal Service. This failure to exhaust her EEOC remedies is fatal to the federal claim. *See* R&R, p. 11-12 (collecting cases).

Rosario objects to this recommendation on the ground that she did not know of her responsibility to include the Union in her EEOC complaint. *See* Objections, p. 3, ¶¶ 6-7 ("How am I going to put my Union Representative in my EEOC if I thought on that time they were helping me. But clearly, they did not help me at all. . . . I did not know I have to mention the Union in the complaint."). However, Rosario's failure to name Hogrogain or the Union as a defendant in the EEOC complaint is not excused; it is precisely Rosario's responsibility to name the appropriate defendants in her own action and to exhaust administrative remedies. Rosario's EEO contact began *after* her unsuccessful grievance procedure during which she had Union representation. Any discriminatory claim she had against the Union would have arisen prior to the filing of her EEOC complaint and Rosario had an opportunity to name the Union in that

complaint. While such a filing against the Union could have been timely, the Court does not reach that question.

The remainder of Rosario's objections to the Report and Recommendation broadly reiterate her claims and grievances in the complaint. Those objections that simply repeat arguments before Judge Yanthis or merely conclude that the Court should reject Judge Yanthis' recommendation do not warrant *de novo* review by this Court.

### b. Conclusion

This Court has reviewed the remainder of Magistrate Judge Yanthis' thorough and persuasive Report and Recommendation and has determined that there is no clear legal error on the face of the record. Accordingly, the Court adopts the conclusions in the Report and Recommendation and orders that Rosario's federal claims are dismissed. It is further ordered that the Court declines to exercise supplemental jurisdiction over the remaining state claims, and therefore, this action is dismissed in its entirety. The Clerk of the Court is directed to close this case, terming docket entries 9 and 21.

*It is so ordered.*

Dated: White Plains, New York
September 23, 2009

Stephen C. Robinson, U.S.D.J.